IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RACHEL D. MCKINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, CHELA WISE, ) | |
| and MORGAN & POTTINGER, P.S.C, ) | **Jury Trial Demanded** |
| ) | |
| Defendants. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Rachel D. McKinney (hereinafter "Plaintiff") is a natural person who resides in Hamblen County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant Portfolio Recovery") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), that maintains National Registered Agents, Inc., 2300 Hillsboro Road, Ste. 305, Nashville, TN 37212-4927 as its registered agent for service of process.

6. Defendant Chela Wise (hereinafter "Defendant Wise") is a natural person who, at the time is an employee and/or agent of Defendant Portfolio Recovery, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at her home address of 690 Village Green Pkwy, Newport News, VA 23602.

7. Defendant Morgan & Pottinger, P.S.C. (hereinafter "Defendant Morgan & Pottinger") is a for-profit professional services corporation organized in Kentucky that consists of attorneys licensed to practice law in Kentucky, Indiana, Tennessee, Ohio and other states, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and lists its registered agent for service of process as John T. McGarvey, 601 West Main St., Louisville, KY 40202.

## FACTUAL ALLEGATIONS

8. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a debt originally owed to or serviced by HSBC Bank Nevada N.A. / GM (hereinafter "HSBC").

9. After default, Plaintiff's alleged debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

10. Defendant Portfolio Recovery is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

11. Defendant Wise is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another by signing sworn affidavits used in support of collection lawsuits, and may be held personally liable as a debt collector who signed the affidavit filed in the collection lawsuit against Plaintiff.

12. Defendant Morgan & Pottinger is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another by preparing and/or reviewing collection lawsuits to be filed against consumers and/or prosecuting them in state court.

13. When purchasing consumer debts, Defendant Portfolio Recovery makes an intentional business decision not to obtain any evidence that would allow it: (1) to determine if the consumer actually owes the debt, and (2) to correctly calculate the amount of debt owed.

14. Defendant Portfolio Recovery's main avenue of collecting consumer debts is the implementation of a state court litigation model that includes employment of debt collection attorneys to file collection lawsuits, and Defendant Portfolio's employees and/or agents, to sign the affidavits filed in support of the lawsuits.

15. The only evidence provided to debt collection attorneys to file the collection lawsuits are the affidavits signed by employees and/or agents of Defendant Portfolio Recovery without personal knowledge (a) that a contract on which the Defendants allegedly relied to file the collection lawsuit actually exists, or (b) if it does exist, what language it contains regarding the contract interest rate, (c) that the amount Plaintiff allegedly owes is correct, or (d) if the documents transferring the alleged debt to Defendant Portfolio Recovery actually exist.

16. Each affidavit is a "communication" as defined by 15 U.S.C. § 1692a(2), and is not a formal pleading made in connection with a legal action.

17. Affidavits signed by employees and/or agents of Defendant Portfolio Recovery under penalty of perjury allege amounts owed based solely on hearsay in the form of electronic data transferred from the original creditor or it's assignee, not from personal knowledge.

18. Defendant Morgan & Pottinger did not request any evidence beyond the sworn affidavit prior to filing and serving the collection lawsuit against Plaintiff, and filed it knowing that neither it nor the other Defendants possessed competent evidence (a) that a contract on which the Defendants allegedly relied to file the collection lawsuit actually exists, or (b) if it does exist, what language it contains regarding the contract interest rate, (c) that the amount Plaintiff allegedly owes is correct, or (d) if the documents transferring the alleged debt to Defendant Midland Funding actually exist, and did not intend to obtain it, if challenged by Plaintiff.

19. Despite the "business records" exception to the hearsay rule being clearly defined for years, the Tennessee Court of Appeals recently determined what competent evidence is required to prove the alleged debts under this hearsay exception in a debt buyer case.[1]

---

[1] (1) "'[E]very link in the chain between the party to which the debt was originally owed and the party trying to collect the debt must be proven by competent evidence in order to demonstrate standing'", *See, LVNV Funding, LLC v. Mastaw*, 2012 WL 1534785, at *5 (Tenn. Ct. App. Apr. 30, 2012) (citing *Cach, LLC v. Askew*, 358 S.W.3d 58, 62 (Mo. 2012) (citing *Midwestern Health Mgmt., Inc. v. Walker*, 208 S.W.3d 295, 298 (Mo. App. 2006)), and "'the Plaintiff must demonstrate . . . that it is the valid assignee of an existing debt' and that the record was made in the regular course of business". *Id., citing, Cuda & Assoc., LLC v. Lumpkin*, 2011 WL 6413674, at *1, 2; (Conn. Super. Ct. Nov. 29, 2011) (internal citations omitted), (2) The production of business records that "properly fit within Rule 803(6), the business records exception to the hearsay rule". *Id.* at *7, and (3) The business records must be introduced by a "witness with 'personal knowledge of the business's record-keeping methods and can explain same to the court'". *Id.* at *8, fn. 13 (*citing, Beal Bank S.S.B. v. RBM Co.*, 2002 WL 43604, at *2) (Tenn. Ct. App. Jan. 11, 2002) (citing *Alexander*, 903 S.W.2d at 700)).

20. The litigation model used by Defendants to collect consumer debts is to file collection lawsuits against consumers: (1) after making intentional business decisions that, if challenged, they will not obtain competent evidence of the alleged debt, including the contract on which Defendants allegedly relied to file and serve the collection lawsuit, (2) prior to reasonably and adequately investigating whether a consumer owes the amount of debt they are attempting to collect, or owes the debt at all, (3) intentionally using sworn affidavits that knowingly contain false, deceptive, and misleading statements made by persons who do not possess personal knowledge of (a) whether a contract on which the Defendants allegedly relied to file the collection lawsuit exists, or (b) if it does exist, what language it contains regarding the contract interest rate, (c) whether the amount Plaintiff allegedly owes is correct, or (d) the documents allegedly transferring the alleged debt to Defendant Portfolio Recovery's ownership actually exist that is necessary to make a sworn affidavit as to the correctness of the amount owed, and (4) with the improper motive of obtaining default judgments against 95% or more of the consumers intimidated by the allegations in the sworn affidavits because they are made in the course of litigation and under penalty of perjury; all in order to increase Defendants' respective financial bottom lines (hereinafter referred to as the "litigation model").

21. Defendants followed their litigation model while attempting to collect the alleged debt from Plaintiff.

22. In a large majority of the cases, debt buyers such as Defendant Portfolio Recovery and debt collection attorneys such as Defendant Morgan & Pottinger obtain a default judgment and the sufficiency of the debt buyer's sworn affidavits are never challenged.

23. In those few instances where a consumer has the means and ability to defend the collection lawsuit, the Defendants will dismiss the case rather than risk having their systemic fraud on the court exposed.

### *April 4, 2012 Collection Lawsuit*

24. On or about April 4, 2012, Defendants filed a Civil Summons and sworn Affidavit against Plaintiff in state court (collectively the "collection lawsuit"). ***Copy of April 4, 2012 collection lawsuit filed as Exhibit 1 to this Complaint (hereinafter "Doc. 1-1").***

25. The Civil Summons and sworn Affidavit were served on Plaintiff in connection with collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

### *Use of Civil Summons That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

26. The Civil Summons stated that Defendants Portfolio Recovery and Morgan & Pottinger were seeking to collect: "<u>**$18,462.92, with interest thereon at the rate of 10% per annum from February 28, 2011 until date of judgment**</u>". ***See Doc. 1-1, p. 1.*** (underline and bold added)

27. In the sworn Affidavit dated March 6, 2012, Defendant Wise swore under oath that:

    (a) She was "authorized to make the statements, representations and averments herein, and do so based upon a review of the business records of [Defendant Portfolio Recovery] and those account records transferred to [Defendant Portfolio Recovery] from [HSBC], which have become a part of and have integrated into [Defendant Portfolio Recovery's] business records, in the ordinary course of business". ***Doc. 1-1, p. 2, ¶ 2.***

(b) "[A]ccording to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by [Defendant Portfolio Recovery], all of [HSBC's] interest in such account having been sold, assigned and transferred by [HSBC] on **3/18/2011**." ***Doc. 1-1, p. 2, ¶ 3.***

(c) "According to the records transferred to [Defendant Portfolio Recovery] from [HSBC], and maintained in the ordinary course of business by [Defendant Portfolio Recovery], there was due and payable from [Plaintiff] to [HSBC] the sum of **$18,462.92** . . . as of the date of **2/28/2011** with there being no known un-credited payments, counterclaims or setoffs against the said debt as of the date of the sale." ***See Doc. 1-1, p. 2, ¶ 4.***

(d) "According to the account records of [Defendant Portfolio Recovery], after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, [Defendant Portfolio Recovery] claims the sum of **$18,462.92** as due and owing as of the date of this affidavit [March 6, 2012]." ***Doc. 1-1, p. 2, ¶ 5.***

28. Unlike the Civil Summons, the sworn Affidavit signed by Defendant Wise under oath fails to state that any interest is continuing to accrue or is owed on the alleged debt from March 18, 2011 (the alleged date of assignment to Defendant Portfolio Recovery), and states that the only amount owed on that date is $18,462.92. ***See Doc. 1-1, p. 2.***

29. By following the litigation model requirement that Defendants do not attempt to obtain any competent evidence prior to filing a collection lawsuit that could be used to show in a court of law: (1) that Plaintiff had entered into a contract on which the Defendants allegedly relied to file the collection lawsuit, or (2) how the amount claimed as owed was

calculated, Defendants made conflicting and confusing statements as to the amount owed in the Civil Summons and Sworn Affidavit, resulting in one or more of the Defendants (a) making a false representation of the character, amount, or legal status of any debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10), (b) making a false representation of the compensation which may be legally received by any debt collector for the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(B), and 1692e(10), and (c) using unfair or unconscionable means to collect or attempt to collect the alleged debt by stating that Defendant Portfolio Recovery was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

30. In conformance with their litigation model, prior to filing and serving the Civil Summons and sworn Affidavit, Defendant Portfolio Recovery and Defendant Morgan & Pottinger did not review records of the debt originator to determine if the contract on which Defendants allegedly relied to file the collection lawsuit even exists and, if it does exist, whether the amount Plaintiff allegedly owes is correctly calculated.

31. Without records of the debt originator available for review prior to filing and serving the collection lawsuit, and without being able to correctly calculate the amount allegedly owed by Plaintiff based on the contract terms on which the Defendants allegedly relied to file the collection lawsuit, Defendants Portfolio Recovery and Morgan & Pottinger used false, deceptive, and misleading representations or means in connection with collection of the debt by stating in the Civil Summons that Defendant Portfolio Recovery was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, which resulted in Defendants Portfolio Recovery and Morgan & Pottinger falsely

representing the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B), both of which was the use of false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an attempt to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1), which is the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

32. By failing to acquire or review the contract on which Defendants allegedly relied to file the collection lawsuit against and serve on Plaintiff resulted in Defendants stating in the Civil Warrant and sworn Affidavit different amounts to which Defendant Portfolio Recovery was entitled, and was the use of false, deceptive and misleading representations or means in connection with collection of the debt that would be confusing to the least sophisticated consumer as to how much was allegedly owed, and a threat to take any action that cannot legally be taken by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f, and 1692f(1).

33. By filing and serving the Civil Summons which contained knowingly false, deceptive, and misleading representations in connection with collection of the debt while unreasonably relying on HSBC or an assignee of HSBC as to the amount of debt allegedly owed by Plaintiff, without knowledge of whether a contract on which the

9
Case 2:12-cv-00468-JRG-DHI   Document 1   Filed 12/06/12   Page 9 of 17   PageID #: 9

Defendants allegedly relied to file and serve the collection lawsuit exists, or, if it does exist, what language it contained regarding the contract interest rate, Defendants Portfolio Recovery and Morgan & Pottinger communicated credit information to the State court, the general public, and the Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

34. The collection lawsuit filed against and served on Plaintiff was based solely on a sworn account, which claim was defective because it was knowingly based on false, deceptive, and misleading statements in the sworn Affidavit filed with the Civil Summons intended to deceive the state court and Plaintiff about the knowledge and information that Defendants had about the ownership and correct amount of the alleged debt.

35. Without the contract on which the Defendants allegedly relied to file and serve the collection lawsuit and to demand the amounts owed, the Defendants may not recover attorney's fees or contract rate of interest on the underlying debt. *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008)).

### *Use of Sworn Affidavit That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

36. An affidavit filed in support of a Civil Summons on a sworn account in Tennessee is filed to attest to the correctness of the amount owed. ***See, Tenn. Code Ann. § 24-5-107(a).***

37. Prior to signing the sworn Affidavit, Defendant Wise did not review records of the originator of the debt to determine (a) whether a contract on which the Defendants allegedly relied to file and serve the collection lawsuit exists, or (b) if it does exist, what language it contains regarding the contract interest rate, (c) whether the amount Plaintiff allegedly owes is correct, or (d) if the documents allegedly transferring the alleged debt

10

to Defendant Portfolio Recovery actually exist, because Defendant Portfolio Recovery and Defendant Morgan & Pottinger followed their litigation model and did not obtain records of the originator of the debt that would have allowed Defendant Dreano to do so.

38. Without records of the debt originator available for Defendant Wise to review prior to signing the sworn Affidavit, and without Defendant Wise being able to correctly calculate the amount owed by Plaintiff based on the contract terms on which the Defendants allegedly relied to file the collection lawsuit, as required by Tennessee state law for a sworn account, it was not possible for Defendant Wise to have the personal knowledge required to truthfully make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff.

39. By stating in his sworn affidavit that (a) she is competent to testify to the matters contained herein, (b) she is authorized to make the statements, representations and averments herein, and does so based upon a review of the business records of Defendant Portfolio Recovery and those account records transferred to Defendant Portfolio Recovery from HSBC, which have become a part of and have integrated into Defendant Portfolio Recovery's business records, in the ordinary course of business, (c) according to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by Defendant Portfolio Recovery, (d) according to the records transferred to Defendant Portfolio Recovery from HSBC, and maintained in the ordinary course of business by Defendant Portfolio Recovery, there was due and payable from Plaintiff to HSBC the sum of $18,462.92 as of February 28, 2011 with there being no known un-credited payments, counterclaims or setoffs against the said debt as of the date of the sale, and (e) the records of Defendant Portfolio Recovery,

after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Defendant Portfolio Recovery claims the sum of $18,462.92 as due and owing as of March 6, 2012, Defendant Wise falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), communicated a threat to take any action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5), communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8), all of which was the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f, including, but not limited to and attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

40. Form affidavits, such as the one filed and served in the lawsuit against Plaintiff, are generated automatically by a computer owned by Defendant Portfolio Recovery or its agents upon request and routinely provided to Defendant Wise and other agents of Defendant Portfolio Recovery who engage in robo-signing hundreds, if not thousands, of affidavits each day without the personal knowledge required to make a sworn affidavit as to the correctness of the amount owed, within the requirements of Tennessee state law.

41. The form affidavits are attached to and filed with civil summons by debt collection attorneys such as Defendant Morgan & Pottinger, which is then served on the consumer.

42. The intentional use by Defendants of the form affidavit in Plaintiff's collection lawsuit, which contains representations that are obviously false, deceptive, and misleading, and in violation of state law, is the use of false, deceptive, and misleading representations or means in connection with collection of the debt to collect, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair and unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

43. Defendant Portfolio Recovery and Defendant Morgan & Pottinger intentionally use the form affidavits in the collection lawsuits filed against Tennessee consumers that contain language which alleges facts not in their possession and to which their employees and/or agents are not qualified to sign under oath due to their lack of personal knowledge about the alleged debt.

44. In adhering to their litigation model, Defendant Portfolio Recovery and Defendant Morgan & Pottinger filed and served the collection lawsuit against Plaintiff in connection with collection of the debt and in an attempt to collect the debt knowingly using Defendant Wise's sworn Affidavit that contained knowingly false, deceptive, and misleading statements, as the only evidentiary basis to support their claims.

45. Defendant Wise's demands in the sworn Affidavit for amounts owed, without the personal knowledge required to make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiff, as required by Tennessee law, falsely represented the character, amount, or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A), falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B), and was the use of a false, deceptive, and misleading representations or means in

connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

46. By filing the collection lawsuit against Plaintiff with the employment of their litigation model, (a) Defendants violated 15 U.S.C. § 1692e(5) by threatening to collect the alleged debt with use of a knowingly false, deceptive, and misleading affidavit, and the threat to take any action that cannot legally be taken is the use of false, misleading and deceptive representations or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and (b) used false, deceptive, and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant Portfolio Recovery and Defendant Morgan & Pottinger had the legal right to attempt to collect the debt in the manner in which they attempted to collect it, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

47. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing and serving the sworn Affidavit that contained the knowingly false, deceptive, and misleading statements, including the amount owed of $18,462.92, Defendant Portfolio Recovery and its agents communicated credit information to the State court, the general public, and Plaintiff, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

*Summary*

48. The above-detailed conduct by Defendants in connection with collection of the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

*Respondeat Superior Liability*

49. In addition to their individual liability under the FDCPA, the acts and omissions of Defendants Sage and Morgan & Pottinger as agents for Defendant Portfolio Recovery and who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Portfolio Recovery.

50. The acts and omissions by Defendants Sage and Morgan & Pottinger were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Portfolio Recovery in collecting consumer debts.

51. By committing these acts and omissions against Plaintiff, Defendants Sage and Morgan & Pottinger were motivated to benefit their principal, Defendant Portfolio Recovery.

52. Defendant Portfolio Recovery is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Portfolio Recovery including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

**TRIAL BY JURY**

53. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

# CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

54. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

55. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

56. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

12/06/12                                   Respectfully submitted,

                                           **RACHEL D. MCKINNEY**




                                           /s/      Alan C. Lee
                                           Alan C. Lee, Esq., BPR # 012700
                                           Attorney for Plaintiff
                                           P. O. Box 1357
                                           Talbott, TN 37877-1357
                                           (423) 581-0924
                                           info@alanlee.com